EXHIBIT E — "EFFECTIVE DATES"

## Chapter 3. General Instructions for Processing Personnel Actions

### Subchapter 1. General Instructions

**1-1. Authority to Prescribe Reporting Requirements.**

The Office of Personnel Management's authority to prescribe reporting requirements covering personnel actions is in section 2951, title 5, U.S. Code. Part 9.2, title 5, U.S. Code of Federal Regulations, is based on that statute, and extends this authority to all types of appointments and personnel actions.

**1-2. Employee Name.**

a.  **Name Used.** The general rule on use of a name on an employee's records is consistency: show the employee's name in the same way on all Government records. The name to record on official personnel records for an appointee is the name commonly used in the community where the appointee resides, for example, the name entered on application papers and used for social security records, driver's license, income tax purposes, and bank accounts. If application papers reflect a nickname enclosed in parentheses or quotation marks, it is not considered part of the employee's name for personnel records.

b.  **Recording employee's name.** The name is recorded on the Official Personnel Folder and on Notifications of Personnel Action in the following manner:

LAST NAME [comma] SUFFIX (Jr., Sr.) [comma] [space]
FIRST NAME or INITIAL [space] MIDDLE NAME(s) or initial(s)
Examples:
DOE, Jr., JOHN NMN

MARTIN, M. CATHERINE
O'REILLY, JOHN F.X.
MARTINEZ-SANDOVAL, MARIA ELENA
>NO LAST NAME, TAYLOR NMN
TAYLOR, NO FIRST NAME NMN<

When a personnel document asks for a middle name or initial, and the employee has no middle name or initial, enter "NMN." >Do not use abbreviations when entering "no first name" or "no last name" on a personnel document. If an employee has a single name, when necessary, ask the employee whether to record it either as the first name or the last name. Refer to the preceding paragraph for examples of the manner in which a single name is recorded (i.e., see examples for "Taylor").< Record apostrophes and hyphens of spaces between double names only as used by the employee. Do not use titles, such as "Mr." "Ms.," "Miss," "Dr.," and "Professor," on Notifications of Personnel Action or on the Official Personnel Folder.

**1-3. Effective Dates.**

a.  **Prior Approval.** Except as explained in Table 3-A, no personnel action can be made effective prior to the date on which the appointing officer approved the action. That approval is documented by the appointing officer's pen and ink signature or by an approved electronic authentication in block 50 of the Standard Form 50, or in Part C-2 of the Standard Form 52. By approving an action, the appointing officer certifies that the action meets all legal and regulatory requirements and, in the case of

appointments and position change actions, that the position to which the employee is being assigned has been established and properly classified.

   b.  **Setting Effective Dates.** Unless otherwise indicated on the Notification of Personnel Action, separations, actions to terminate grade and pay retention, and Opt Out Phased Employment/Retirement actions are effective at the end of the day (midnight); all other actions are effective at the beginning of the day (12:01 a.m.).

   Separations are actions that remove employees from the rolls of their agencies, for example, deaths, resignations, terminations, removals, and retirements. Any action whose nature of action code (NOAC) begins with a "3" is a separation.

   (1) Follow instructions in Table 3-A to set dates in situations where approval of the appointing officer is required. Use Figure 3-1 to identify Comptroller General Decisions that address effective dates and how they are set in specific situations.

   (2) Follow instructions in Table 3-B to set dates in those situations where prior approval of the appointing officer is not required.

## 1-4. Approval of Personnel Actions.

   a.  **Requirement for approval.** As explained in paragraph 1-3a, most personnel actions must be approved by the appointing officer on or before their effective dates. An appointing officer is an individual in whom the power of appointment is vested by law or to whom it has been legally delegated. Only an appointing officer may sign and date the certification in Part C-2 of the Standard Form 52 or blocks 50 and 49 of the Standard Form 50 to approve an action.

   b.  **Delegation of appointing authority.** Under 5 U.S. Code 302, the head of an agency may delegate appointing authority to subordinates. Such delegations are generally made to the agency's director of personnel who then redelegates the authority to other members of the personnel staff, as necessary. A delegation of appointing authority may be made to a specific individual or to the incumbent of specific position. The delegation must be in writing and define clearly the extent of the authority being granted, for example, authority to approve all within-grade increase actions.

   c.  **Responsibilities of the appointing officer.** The appointing officer is responsible for ensuring that each personnel action he or she approves meets all legal and regulatory requirements. He or she is responsible for approving determinations made by recruiters, staffing specialists, personnel assistants, and other personnel office staff with regard to legal authority for the action, including issues such as qualifications, pay, and suitability. The appointing officer makes final pre-appointment determinations regarding citizenship, veterans' preference, minimum and maximum age limits (where appropriate), suitability, qualifying experience and education. In the case of appointments and position change actions (for example, promotions), the appointing officer ensures that the position to which the employee is assigned has been established and properly classified.

   d.  **Criteria for selection of appointing officers.** Agencies must ensure that appointing authority, that is, the authority to approve and certify actions, is delegated only to persons whose training and experience enable them to review the background material on a proposed action and determine whether it meets the necessary legal and regulatory requirements.

Approval of actions is a serious responsibility that should not routinely be assigned to clerical or other technical support personnel who may lack the necessary background and training to make the decision to approve or disapprove an action. A person who has not been a party to the recruitment, qualification, selection, and pay-setting processes on a proposed action, and who lacks information as to how these determinations were reached, cannot and should not be expected to decide whether the specific action meets legal and regulatory requirements.

**Page 3-6 is blank**