IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

|  |  |
|---|---|
| **BENJAMIN ODUM SOUTHER**, <br><br> Plaintiff, <br><br> – *versus* – <br><br> **KASHYAP P. PATEL**, in his official capacity as Director of the FBI, *et al.*, <br><br> Defendants. | Civil Action <br><br> No. 2:25-cv-0150-SCJ |

**DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

COME NOW, DEFENDANTS Todd Blanche, in his official capacity as the Acting Attorney General of the United States, Kashyap Patel, in his official capacity as Director of the Federal Bureau of Investigation ("FBI"), the FBI, and the United States Department of Justice ("DOJ"), and offer the following Amended Answer and Affirmative Defenses in response to Plaintiff Souther's Amended Complaint (Doc. 24).  Defendants, pursuant to Fed. R. Civ. Proc. 15(a)(1)(A), herein amend their previous timely filed Answer (Doc. 31).

**NATURE OF THE ACTION**

1.    Paragraph 1 of Plaintiff's Amended Complaint contains a description of the "nature of the action," including reference to provisions of the U.S.

1

Constitution that Plaintiff asserts were violated.  Plaintiff avers no factual allegations in this paragraph to which a response is required. To the extent a response is required, Defendant admits that Plaintiff purports to assert claims under the First and Fifth Amendments; otherwise, Defendants deny the allegations in Paragraph 1.

2.      The allegations in Paragraph 2 of the Amended Complaint span almost two pages and do not contain a short and plain statement of an allegation that Defendants can admit or deny. Accordingly, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

3.      Defendants deny the allegations in Paragraph 3 of the Amended Complaint.

4.      Defendants deny the allegations in Paragraph 4 of the Amended Complaint.

5.      Defendants lack sufficient knowledge and information to form a belief about the truth of the multiple allegations in Paragraph 5 of the Amended Complaint, as Plaintiff has not identified the speakers. As a result, Defendants deny the allegations in Paragraph 5 of the Amended Complaint.

6.      The findings of any report from the DOJ Office of Inspector General ("OIG") are public and speak for themselves. Defendants otherwise deny the

allegations in Paragraph 6 of the Amended Complaint.

7.    Defendants deny the allegations in Paragraph 7 of the Amended Complaint.

8.    Paragraph 8 describes the type of relief Plaintiff seeks and does not include factual averments. Defendants admit that Plaintiff seeks such relief but denies he is entitled to any such relief.

## JURISDICTION AND VENUE

9.    Defendants deny that the Court has subject matter jurisdiction over this case.

10.    Defendants deny that venue is proper in this Court because Defendants deny that the Court has subject-matter jurisdiction over Plaintiff's claims.

## PARTIES

11.    Defendants admit that Plaintiff worked for the FBI. Defendants lack sufficient knowledge or information to form a belief as to the truth of Plaintiff's current residence or citizenship status. Accordingly, Defendants deny the remaining allegations in Paragraph 11 except as expressly admitted.

12.    The allegations in Paragraph 12 state the capacity of Plaintiff's allegations against Defendant Kashyap Patel. To the extent a response is required, Defendants admit that Defendant Kashyap Patel is sued only in his

official capacity as Director of the FBI, which amounts to a suit against the Federal Bureau of Investigation.

13.    Defendants admit the allegations in paragraph 13 of the Amended Complaint.

14.    The allegations in Paragraph 14 of the Amended Complaint state the capacity of Plaintiff's allegations against the Attorney General of the United States. Defendants admit that Plaintiff originally sued Defendant Pam Bondi in her official capacity.  The Court has since substituted Todd Blanche in his official capacity as Acting Attorney General.

15.    Defendants admit the allegations in paragraph 15 of the Amended Complaint.

### EXHAUSTION

16.    Defendants admit that Plaintiff filed an appeal with the Merit System Protection Board ("MSPB") in 2022 but deny the remaining allegations in Paragraph 16. Plaintiff did not exhaust his administrative remedies under the Civil Service Reform Act, which provides exclusive remedies for whistleblower retaliation claims to excepted service FBI personnel, including Plaintiff. Plaintiff attached as Exhibit B to his Amended Complaint correspondence from the DOJ Office of the Inspector General declining to exercise jurisdiction, addressed to an individual named "C. Anthony Smith," a nonparty to this case.

, Plaintiff has not alleged that he personally made a whistleblower retaliation complaint to the Office of the Inspector General as required by 28 C.F.R. Part 27.

17.    Paragraph 17 describes the nature of the action without factual averments in support of Plaintiff's claims. To the extent a response is required, Defendants admit, "Plaintiff does not assert a property interest in continued federal employment."  Defendants deny that Plaintiff "does not seek review of a routine personnel action under the Civil Service Reform Act ("CSRA")," and further deny that Plaintiff has asserted any viable cause of action for violation of his constitutional rights under the First and Fifth Amendment arising out of his former employment with the FBI, or based on any conduct of the Defendants.

18.    Defendants deny the allegations in Paragraph 18 of the Amended Complaint.

### FACTUAL BACKGROUND

19.    Defendants admit the allegations in Paragraph 19 of the Amended Complaint.

20.    Defendants admit the allegations in Paragraph 20 of the Amended Complaint.

21.    Defendants admit the allegations in Paragraph 21 of the Amended

Complaint.

22.    Defendants admit the allegations in Paragraph 22 of the Amended Complaint.

23.    Defendants admit Plaintiff was assigned to the Boston Division and Atlanta Division. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23, and therefore deny the same

24.    Defendants deny that Plaintiff did not have any performance or conduct issues while employed by the FBI. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Amended Complaint and therefore deny the same.

25.    Defendants deny the allegations in Paragraph 25 of the Amended Complaint.

26.    Defendants deny the allegations in Paragraph 26 of the Amended Complaint.

27.    Defendants lack sufficient knowledge and information to form a belief about the authenticity of the letter attached to Plaintiff's Amended Complaint at Exhibit E and therefore deny the allegation as to that extent; otherwise, Defendants deny the allegations in Paragraph 27 of the Amended

Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Amended Complaint.

29.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 29, as Plaintiff has not identified the speaker. Accordingly, Defendants deny the allegations in Paragraph 29 of the Amended Complaint.

30.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 30 of the Amended Complaint and therefore deny the same.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and therefore deny the same.

32.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and therefore deny the same.

33.     Defendants admit that Plaintiff did not have final decision-making authority regarding policy or budgetary decisions at the FBI. Defendants otherwise deny the allegations in Paragraph 33.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

35.     Paragraph 35 states a legal conclusion to which no response is

required. To the extent a response is required, Defendants deny the allegations in Paragraph 35.

36.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and therefore deny the same.

37.    Defendants deny the allegations in Paragraph 37 of the Amended Complaint.

38.    Defendants admit Plaintiff made a statement to the FBI's Inspection Division. Defendants otherwise deny the allegations in Paragraph 38 of the Amended Complaint.

39.    Defendants admit that the FBI did not provide a sworn statement to Plaintiff but deny that one was promised.

40.    Defendants deny the allegations in Paragraph 40 of the Amended Complaint.

41.    Defendants admit that Plaintiff was terminated but otherwise deny the allegations in Paragraph 41.

42.    Defendants deny the allegations in Paragraph 42 of the Amended Complaint.

43.    Defendants deny the allegations in Paragraph 43 of the Amended Complaint.

44.    Defendants deny the allegations in Paragraph 44 of the Amended

Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Amended Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Amended Complaint.

47.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 of the Amended Complaint and therefore deny the same.

48.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and therefore deny the same.

49.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 and therefore deny the same.

50.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 and therefore deny the same.

51.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and therefore deny the same.

52.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 and therefore deny the same.

53.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 and therefore deny the same.

9

54.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 and therefore deny the same.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 and therefore deny the same.

56.     Defendants deny the allegations in Paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Amended Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Amended Complaint.

59.     Defendants admit that some documents from Plaintiff's personnel file were produced to the MSPB but lack sufficient knowledge or information to form a belief as to the truth of the allegations with respect to receiving an order to produce the totality of Plaintiff's personnel file and therefore deny the same.

60.     Defendants deny the allegations in Paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Amended Complaint.

## COUNT I
### Alleged Violation of the First Amendment (Retaliation for Political Affiliation)

10

62.     Defendants re-assert their foregoing responses to paragraph 1-61, and incorporate them by reference.

63.     The allegations in Paragraph 63 describe legal principles and statements of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63 of the Amended Complaint.

64.     This paragraph contains statements of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 64 of the Amended Complaint.

65.     Defendants admit the allegations in Paragraph 65 of the Amended Complaint.

66.     Defendants deny the allegations in Paragraph 66 of the Amended Complaint.

67.     Defendants deny the allegations in Paragraph 67 of the Amended Complaint.

68.     Defendants admit the allegation in Paragraph 68 that FBI employees and agents have constitutional rights but deny that those rights were properly asserted by Plaintiff here. The Civil Service Reform Act is a comprehensive remedial scheme to protect excepted service employees of the FBI from

whistleblower retaliation. 5 U.S.C. § 2303(a); *see also*, *Miller v. F.B.I.*, 149 F.3d 1183 (6th Cir. 1998); *Bush v. Lucas*, 462 U.S. 367, 368 (1983).

69.    The allegations in Paragraph 69 state legal conclusions, and/or an argumentative summary of a legal opinion from another jurisdiction that provides no authority for Plaintiff's requested relief in this proceeding. Accordingly, Defendants deny the allegations in Paragraph 69 of the Amended Complaint.

70.    Defendants deny the allegations in Paragraph 70 of the Amended Complaint.

71.    Defendants deny the allegations in Paragraph 71 of the Amended Complaint.

## COUNT II
### Alleged Violation of the Fifth Amendment (Due Process)

72.    Defendants re-assert their responses to the foregoing paragraphs 1-61 as if fully stated herein, and incorporate same by reference.

73.    Defendants deny the allegations in Paragraph 73 of the Amended Complaint.

74.    The allegations in paragraph 74 provide an argumentative statement of legal conclusions that do not require a response. If a response is required, Defendants deny the allegations.  Further, Defendants direct the Court to Plaintiff's admission in Paragraph 17 of the Amended Complaint that he asserts

12

no property right to continued employment with the FBI and does not seek a review of a personnel action under the CSRA, even though his termination from employment is the basis for his Fifth Amendment claim.

75. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75, including Plaintiff's understanding of his rights, and therefore deny the same. Defendants deny taking any action prohibited by its policies in terminating Plaintiff's employment.

76. Defendants deny the allegations in Paragraph 76 of the Amended Complaint.

77. The allegations in Paragraph 77 of the Amended Complaint contain an argumentative summary of legal principles to which no response is required. To the extent a response is required, Defendants deny that the legal principles stated in this paragraph have any application to Plaintiff's claims here and therefore deny the same.

78. Defendants admit that it is the declared policy of Congress to protect FBI agents from reprisal for protected whistleblowing activity. This protection is codified in 5 U.S.C. § 2303(a), a provision of the CSRA specifically enacted to protect FBI whistleblowers. Defendants deny that Plaintiff has properly exhausted administrative remedies pursuant to that statute to bring his claims

here.  Defendants deny the allegations in Paragraph 78 except as expressly admitted.

79.     The allegations in Paragraph 79 of the Amended Complaint contain an argumentative summary of legal principles to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 79 of the Amended Complaint.

80.     The allegations in Paragraph 80 of the Amended Complaint contain an argumentative summary of legal principles to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 80 of the Amended Complaint.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint.

## COUNT III
### Alleged Violation of the Fifth Amendment (Stigma Plus Reputational Harm Due Process Violation)

82.     Defendants re-assert their responses to the foregoing paragraphs 1-61 as if fully stated herein, and incorporate same by reference.

83.     Defendants deny the allegations in Paragraph 83 of the Amended Complaint.

84.     Defendants deny that the letter referenced in Paragraph 84 and Exhibit F to the Amended Complaint was provided to Plaintiff "prior to [his] termination." Accordingly, Defendants deny the allegations in Paragraph 84.

14

85.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 of the Amended Complaint and therefore deny the same.

86.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 of the Amended Complaint and therefore, deny the same.

87.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 of the Amended Complaint and therefore, deny the same.

88.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 of the Amended Complaint and therefore, deny the same.

89.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 of the Amended Complaint and therefore, deny the same.

90.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 of the Amended Complaint and therefore, deny the same.

91.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 of the Amended Complaint

and therefore, deny the same.

92. Defendants deny the allegations in Paragraph 92 of the Amended Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Amended Complaint..

94. Defendants deny the allegations in Paragraph 94 of the Amended Complaint.

95. Defendants deny the allegations in Paragraph 95 of the Amended Complaint.

## COUNT IV
### Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202)

96. Defendants re-assert their responses to the foregoing paragraphs 1-61 as if fully stated herein, and incorporate same by reference.

97. Defendants deny the allegations in Paragraph 97 of the Amended Complaint.

98. Defendants deny the allegations in Paragraph 98 of the Amended Complaint.

99. Defendants deny the allegations in Paragraph 99 of the Amended Complaint.

## COUNT V
## Writ of Mandamus

100.   Defendants re-assert their responses to the foregoing paragraphs 1-61 as if fully stated herein, and incorporate same by reference.

101.   Defendants deny the allegations in Paragraph 101 of the Amended Complaint.

102.   Defendants deny the allegations in Paragraph 102 of the Amended Complaint.

## JURY DEMAND

103.   Defendants object to a jury trial to the extent the complaint seeks only equitable relief, and Plaintiff has failed to exhaust jurisdictional prerequisites prior to asserting his claims.

## PRAYER FOR RELIEF

Defendants request that Plaintiff's prayer for relief be denied.

Any allegations not expressly admitted herein are denied.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses pursuant to Fed. R. Civ. Proc. 8(c).

## FIRST AFFIRMATIVE DEFENSE

**Lack of subject-matter jurisdiction**. Plaintiff cannot assert freestanding constitutional claims against Defendants devoid of any statutory cause of action that includes a Congressional waiver of sovereign immunity and a remedial scheme, or alternatively, a viable claim against an individual-capacity defendant under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 394 (1971), which Plaintiff does not assert.

## SECOND AFFIRMATIVE DEFENSE

**Sovereign immunity**. Defendants as federal agents or agencies are immune from suit and have not waived that immunity for Plaintiff's claims. Plaintiff's claims are not brought pursuant to a statute for which there is a valid waiver of sovereign immunity and remedial scheme.

## THIRD AFFIRMATIVE DEFENSE

**Failure to exhaust**. Plaintiff failed to properly exhaust his administrative remedies pursuant to 28 C.F.R. Part 27, making claims arising out of allegations of reprisal for protected whistleblowing activity, or lack of due process for allegations of whistleblower retaliation, subject to dismissal.

## FOURTH AFFIRMATIVE DEFENSE

**Failure to State a Claim.**  Plaintiff fails to state a claim upon which relief may be granted against all Defendants.

18

## FIFTH AFFIRMATIVE DEFENSE

**Statute of Limitations and Laches.** Plaintiff's claims are barred by the applicable statute of limitations of two years.

## SIXTH AFFIRMATIVE DEFENSE

**Waiver and Estoppel.** Plaintiff's claims are waived and/or should be estopped to the extent administrative remedies and due process were available to him for alleged whistleblower retaliation, which he failed to pursue.

July 2, 2026

Respectfully submitted,

THEODORE  S.  HERTZBERG
*United        States        Attorney*
*600         U.S.         Courthouse*
*75   Ted   Turner   Drive   SW*
*Atlanta,          GA          30303*
*(404) 581-6000   fax (404) 581-6181*

/s/     ANITA BALASUBRAMANIAN
*Assistant United States Attorney*
Georgia Bar No. 372029
Anita.Balasubramanian@usdoj.gov

## Certificate of Compliance

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing brief has been prepared using Book Antiqua, 13-point font.

/s/     ANITA BALASUBRAMANIAN
*Assistant United States Attorney*

**Certificate of Service**

The United States Attorney's Office served this document today by filing it

using the Court's CM/ECF system, which automatically notifies the parties and

counsel of record, and by mailing a copy with sufficient postage to:

> Benjamin Odum Souther
> 5546 Bark Camp Road
> Murrayville, GA 30564
> ben.souther@yahoo.com

July 2, 2026

/s/ Anita Balasubramanian
Anita Balasubramanian
*Assistant United States Attorney*
